IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRUSTEES OF THE UTAH CARPENTERS' AND CEMENT MASONS' PENSION TRUST,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>DAW, INC., n/k/a DAW CONSTRUCTION GROUP, LLC,<br><br>　　　　　Defendant(s). | **ORDER & MEMORANDUM DECISION**<br><br><br><br>Case No. 2:07-cv-87 |

On September 21, 2007, the court heard oral argument on the Motion for Judgment on the Pleadings filed by the Trustees of the Utah Carpenters' and Cement Masons' Pension Trust. After taking the motion under advisement, the court now DENIES Plaintiffs' motion.

A motion for judgment on the pleadings is determined using "the same standard of review applicable to a Rule 12(b)(6) motion." Callery v. U.S. Life Ins. Co. in City of N.Y., 392 F.3d 401, 404 (10th Cir. 2004). The court cannot grant the motion "'unless it appears beyond doubt that the [non-movant] can prove no set of facts in support of [its] claim which would entitle [it] to relief.'" Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Although the court recognizes "'that a collective bargaining agreement is not dependent on the reduction to writing of the parties' intention to be bound, . . . rather all that is required is conduct manifesting an intention to abide and be bound by the terms of an agreement,'"

Bricklayers Local 21 of Ill. Apprenticeship & Training Program v. Banner Restoration, Inc., 385 F.3d 761, 764 (7th Cir. 2004) (quoting Gariup v. Birchler Ceiling & Interior Co., 777 F.2d 370, 373 (7th Cir. 1985)), resolution of this issue necessarily requires a factual inquiry beyond the pleadings.  The court cannot determine if Defendant Daw Construction Group, LLC, qualifies as an employer required to pursue arbitration under the Multi Employer Pension Plan Amendment Act, of 1980, 29 U.S.C. § 1382, et. seq., based solely on the statement in Defendant's counterclaim that "Daw Construction Group, LLC, has . . . made certain payments to the Trust . . . ."  (Counterclaim, ¶ 5.); see also Cent. States, Se. & Sw. Areas Pension Fund v. Slotky, 956 F.2d 1369, 1373 (7th Cir. 1992) ("[T]he issue of membership in a controlled group cannot be within exclusive arbitral jurisdiction."); Trs. of Laborers' Local 310 Pension Fund v. Able, No. 1:06cv1925,  2007 WL 2238361, at *6 (N.D. Ohio Aug. 1, 2007) (emphasizing "Plaintiffs in this case are not seeking to impose liability on companies that were not signatories to the CBAs . . . .").

The court DENIES the Motion for Judgment on the Pleadings filed by the Trustees of the Utah Carpenters' and Cement Masons' Pension Trust (dkt. #11).

SO ORDERED this 28th day of September, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge

2